# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| Acquisition 362, LLC dba<br>Strategic Import Supply, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States,<br><br>　　　　　Defendant. | Court File No. 1:24-cv-11 |

## COMPLAINT

Plaintiff Acquisition 362, LLC dba Strategic Import Supply, LLC ("Plaintiff"), by and through its undersigned counsel and for its Complaint against Defendant United States ("Defendant"), hereby states and alleges as follows:

### JURISDICTION AND STANDING

1. This is a civil action commenced to challenge the denial of protests under Section 515 of the Tariff Act of 1930, 19 U.S.C. §1514.

2. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(a).

3. As the importer of record of the merchandise that is the subject of the relevant protests, and as the party that filed the relevant protests pursuant to 19 U.S.C. §1514, Plaintiff has standing to bring this action pursuant to 28 U.S.C. §2631(a).

4. The U.S. Customs and Border Protection ("CBP") is an agency of the Defendant.

5. The protests that are the subject of this action[1] (collectively, the "Protests") were timely filed with CBP within 180 days of the date of liquidation of each underlying protested entry.

6. The Protests that are the subject of this action were denied by CBP, and notice of said denial by CBP was transmitted by CBP to Plaintiff on July 25, 2023. This action was timely commenced within 180 days after the date of transmission of notice of the Protests' denials pursuant to 28 U.S.C. §2632 and 19 C.F.R. §174.31.

7. All duties, charges, and exactions assessed as a result of the challenged assessments at issue herein pertaining to the entries protested in the Protests were paid before commencement of this action.

## STATEMENT OF FACTS

8. Plaintiff is a United States importer of certain passenger vehicle and light truck tires, including the subject tires in this action (the "Tires"), as specified on ACN11993076, ACN11980438, ACN11985197, ACN11992144, ACN11996855, ACN11996863, ACN12001481, ACN12009369, ACN12009385, ACN12009450, ACN12021950, ACN12025670, ACN12025696, ACN12025712, ACN12028617, ACN12032114, ACN12032122, ACN12036974, ACN12037006, ACN12037055, ACN12037089, ACN12043962, ACN12043970, ACN12043988, ACN12043996, ACN12046866, ACN12051759, ACN12051767, ACN12059976, ACN12060016, ACN12028567,

---

[1] Specifically, those Protests are 270420112179, 190120100149, 190120100150, 190120100151, 460120109225, 520120100677, 520120100678, 270420112186, 270420112187, 270420112188, 460120109226, 460120118707, 270420112191, 270420112192, 190120100152, 270420112193, 150120100187, 190120100153, 460120109228, 270420112199, 270420112202, 270420112203, 190120100154, 190120100155, 190120100156, 190120100157, 270420112216, 270420112217, 270420112218, 270420112236, 270420112238, 530120102176, 530120105121, 270420112243, 270420138603, 270420112245, and 270420138596.

ACN12037105, ACN12033674, ACN12028617, ACN12021950, ACN12028567, ACN12037105, and ACN12033674 (collectively, the "Entries").

9. The Tires contained in the Entries were manufactured by Shandong Hengyu Science & Technology Co., Ltd. ("Hengyu") and/or Shandong Wanda Boto Tyre Co., Ltd. ("Boto"), as evidenced by the purchase orders, commercial invoices, packing lists, bills of lading, and evidence of wire transfers between Plaintiff and Hengyu and/or Boto.

10. Additionally, the Tires themselves bear a DOT code confirming the Tires were manufactured by Hengyu and/or Boto.

11. Plaintiff presented completed 7501 forms to CBP in connection with each of the Entries.

12. On August 10, 2015, the United States Department of Commerce ("Commerce") issued an antidumping ("AD") order on certain passenger vehicle and light truck tires manufactured in the People's Republic of China. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 80 FR 47902 (August 10, 2015) (the "AD Order").

13. The AD rate assigned as a product of the AD Order to manufacturers Hengyu and/or Boto at the time of the Entries, which all occurred between August 1, 2016 and July 31, 2017, was 8.72%.

14. Plaintiff paid the AD rate of 8.72% for each of the Entries at the time of entry.

15. On October 16, 2017, Commerce published Notice of its initiation of an administrative review of the AD Order for fifty-nine producers/exporters for the period of review between August 1, 2016 to July 31, 2017 (the "Administrative Review"). *See* 82 FR 48051; 82

3

FR 57705 (correcting the misspelling of the names of two producers/exporters contained in 82 FR 48051).

16. Within the ninety (90)-day period following publication of the October 16, 2017 Notice, Boto sought to withdraw its request for administrative review.

17. On September 11, 2018, Commerce published its preliminary results in the Administrative Review (the "Preliminary Results") and invited interested parties to submit their comments in response to the Preliminary Results. *See* 83 FR 45893.

18. Subsequent to the issuance of the Preliminary Results, several separate rate entities, including Hengyu, sought to withdraw their requests for administrative review.

19. Between November 6 and 15, 2018, the petitioner in the Administrative Review, along with the mandatory respondent (Zhaoqing Junhong Co. ("Junhong")) and various separate rate entities, submitted case briefs and rebuttal briefs to Commerce, challenging certain aspects of the Preliminary Results.

20. With the issuance of final results in the Administrative Review of the AD Order on April 26, 2019, Commerce adjusted Junhong's price for export subsidies, as well as Junhong's price for domestic subsidies passed through, to determine Junhong's AD rate at 64.57%, and then assigned the adjusted Junhong AD rate of 64.57% to non-examined exporters as well, including Hengyu and Boto. *See Antidumping Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 FR 17781 (Apr. 26, 2019) (the "Final Results").

21. In the Final Results, Commerce failed to grant a rescission of the Preliminary Results to the separate rate entities who had properly and timely requested withdrawal of their administrative review request.

22. On May 5, 2019, YC Rubber Co. (North America) LLC and Sutong Tire Resources, Inc. (collectively, the "CIT Plaintiffs") sought review of the Final Results from this Court. In their action, the CIT Plaintiffs argued that Commerce's unwillingness to grant a rescission of the Administrative Review as to those separate rate respondents who requested withdrawal of their review requests (including Hengyu and Boto) was unsupported by substantial evidence or otherwise not in accordance with the law. *See* Complaint, Court File No. 1:19-cv-00069.

23. On May 14, 2019, Commerce issued instructions to CBP through the issuance of Message No. 9134302, lifting the suspension of liquidation for entries of merchandise subject to the Administrative Review and assessing an AD duty rate of 64.57% to tires exported by, among other entities, Hengyu and Boto, during the period of review dating from August 1, 2016 to July 31, 2017. Message No. 9134302 had an effective date of April 26, 2019.

24. However, on May 24, 2019, in connection with the action filed by the CIT Plaintiffs, this Court issued a statutory injunction (the "SI") enjoining liquidation of certain entries subject to the AD Order and the Administrative Review for the period of review dating from August 1, 2016 to July 31, 2017, including certain entries produced/exported by Hengyu and Boto.

25. On May 28, 2019, Commerce issued instructions to CBP through the issuance of Message 9148310, informing CBP of the mandates of the SI and specifically indicating that CBP was to follow the terms of the SI, which "applie[d] to the liquidation instructions in message number 9134302, dated 05/14/2019."

26. Message 9148310 put CBP on notice that the AD rate in the Administrative Review for Tires manufactured by Hengyu and Boto and imported during the period of review at issue was not finalized and was subject to ongoing litigation and dispute.

27. On May 31, 2019, Commerce issued a correction to Message 9148310 to correct a header of that message. The corrected message, Message 9151301, made that correction and had an effective date of May 24, 2019.

28. To date, the litigation commenced by the CIT Plaintiffs in Case No. 19-cv-00069 continues with the mandates of the SI in place and with a remand redetermination required of Commerce following a decision issued by the Federal Circuit Court of Appeals, with further briefing and argument still ongoing following that remand.

29. Despite the ongoing nature of the litigation that produced the SI, despite the remand redetermination required by the Federal Circuit Court of Appeals for the Administrative Review rate issued for tires manufactured by Hengyu and Boto, and despite the lack of finalization regarding the AD rate assessable to tires manufactured by Hengyu and Boto and entered during the period of review at issue (as were the Tires at issue herein), CBP liquidated the Entries for the Tires manufactured by Hengyu and Boto and entered and imported by Plaintiff during the period of review at issue.

30. Through the Protests, Plaintiff protested the AD rates that were assessed for the Entries as premature given the lack of finality to the AD rates at issue for Tires manufactured by Hengyu and Boto ongoing as part of the Administrative Review and the challenge asserted by the CIT Plaintiffs.

31. Plaintiff is entitled to a refund for the Entries in an amount equal to 55.85%, which represents the difference between the amount paid as a result of the improper and premature

assessment of the Administrative Review rate of 64.57% less the AD Order rate of 8.72% paid at the time of entry, plus interest.

32. On July 25, 2023, CBP sent notice to Plaintiff that CBP denied Plaintiff's Protests associated with the Entries in full.

33. This litigation followed and was timely commenced pursuant to 19 C.F.R. §174.31 within 180 days after the date of transmission of notice of denial of Plaintiff's Protests.

## CAUSES OF ACTION

### Count I

34. Plaintiff reasserts and incorporates by reference the above-stated paragraphs as if fully set forth herein.

35. Plaintiff contests CBP's assessment of AD liabilities for the Entries at the rate of 64.57% as premature, unsupported by substantial evidence or otherwise not in accordance with the law.

36. Until otherwise determined as part of this Court's examination of the remand redetermination in regard to the action commenced in Case No. 19-cv-00069, liquidation of the Tires at issue at an AD rate different than that paid at the time of entry was premature and improper.

37. Until the AD rate applicable to tires manufactured by Hengy and Boto during the period of review at issue is finalized as part of the ongoing remand redetermination of the Administrative Review, which has not yet occurred, the Tires at issue are properly assessed AD liability at the rate of 8.72%, as was established at the time of entry.

## Count II

38.     Plaintiff reasserts and incorporates by reference the above-stated paragraphs as if fully set forth herein.

39.     Plaintiff's payment of duties resulting from CBP's premature assessment of AD liabilities for the Entries at the rate of 64.57% resulted in an overpayment of Plaintiff's AD liabilities.

40.     Defendant should refund to Plaintiff all overpayments of duties made in regard to the Tires in excess of an AD rate of 8.72%, with all applicable interest.

**WHEREFORE**, Plaintiff Acquisition 362, LLC dba Strategic Import Supply, LLC prays for judgment in its favor that:

1.     The Tires are properly assessed AD liability at the rate of 8.72% unless and until a different AD rate is finalized for tires manufactured by Hengyu and Boto and entered during the period of review at issue as a product of the ongoing litigation commenced in Case No. 19-cv-00069.

2.     The Entries that are the subject of this action shall be promptly reliquidated at a rate of 8.72% for AD liabilities and an attendant refund of all excess duties paid by Plaintiff, plus interest, shall be made to Plaintiff; and

3.     Plaintiff shall be awarded the costs of suit incurred herein and such other and further relief as this Court deems appropriate and just under the circumstances.

Dated: January 18, 2024         **COZEN O'CONNOR**

By: /s/ *Heather L. Marx*                              .
    Thomas G. Wallrich
    Heather L. Marx
    33 South Sixth Street, Suite 3800
    Minneapolis, MN 55402
    Telephone: 612-260-9000
    Fax: 612-260-9084
    twallrich@cozen.com
    hmarx@cozen.com

**ATTORNEYS FOR PLAINTIFF ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be filed using the United States Court of International Trade's Electronic Filing System, and that a copy of the above-referenced document was sent by certified mail, return receipt requested to the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, Washington DC 20530.

    /s/*Heather L. Marx*_____
    Heather L. Marx

LEGAL\67968115\2 3469901/00482359