UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| ACQUISITION 362, LLC, dba<br>STRATEGIC SUPPLY, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00011 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## __ORDER__

      Upon reading defendant's motion to dismiss for lack of subject matter jurisdiction

and failure to state a claim for which relief can be granted, plaintiff's response thereto;

and upon consideration of other papers and proceedings had herein, it is hereby

      **ORDERED** that defendant's motion be, and hereby is granted, and it is further

      **ORDERED** that this action is dismissed.


_____
                            Chief Judge

Dated: _____
      New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| ACQUISITION 362, LLC, dba | : | |
| STRATEGIC IMPORT SUPPLY, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00011 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction, lack of standing, and/or failure to state a claim for which relief can be granted upon the grounds set forth in the accompanying memorandum of law.

WHEREFORE, the United States respectfully asks this Court to enter an order granting its motion to dismiss and dismissing this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                              /s/ Hardeep K. Josan
SABAHAT CHAUDHARY                        HARDEEP K. JOSAN
Office of the Assistant                  Trial Attorney
Chief Counsel                            International Trade Field Office
International Trade Litigation            Department of Justice, Civil Division
U.S. Customs and Border                  Commercial Litigation Branch
Protection                               26 Federal Plaza, Room 346
                                         New York, New York 10278
                                         (212) 264-9245

April 17, 2024                           Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| ACQUISITION 362, LLC, dba | : | |
| STRATEGIC IMPORT SUPPLY, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00011 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

<table>
<tr><td></td><td>BRIAN M. BOYNTON<br>Principal Deputy<br>Assistant Attorney General</td></tr>
<tr><td></td><td>PATRICIA M. McCARTHY<br>Director</td></tr>
<tr><td></td><td>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office</td></tr>
<tr><td>Of Counsel:<br>SABAHAT CHAUDHARY<br>Office of the Assistant<br>Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border<br>Protection</td><td>HARDEEP K. JOSAN<br>Trial Attorney<br>International Trade Field Office<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9245</td></tr>
<tr><td>April 17, 2024</td><td>Attorneys for Defendant</td></tr>
</table>

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 2

    I.    Commerce's Proceeding And Litigation ................................................... 2

    II.   Merchandise At Issue ............................................................................... 3

ARGUMENT ..................................................................................................... 4

    I.    Standard Of Review................................................................................. 4

        A.  Standard Of Review For A Motion To Dismiss Pursuant To
             USCIT R. 12(b)(1)........................................................................... 4

        B.  Standard Of Review For A Motion To Dismiss Pursuant To
             USCIT R. 12(b)(6)........................................................................... 5

    II.   The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a)
        Over Six Protests ..................................................................................... 6

        A.  Plaintiff's Action Is Untimely With Respect To Two Protests................. 6

        B.  Plaintiff Lacks Standing With Respect To Four Protests Because
             Plaintiff Was Not The Protestant ................................................... 7

    III.  Plaintiff's Remaining Claims Should Be Dismissed For Failure To State A Claim
        For Which Relief Can Be Granted Because CBP Properly Liquidated
        Plaintiff's Entries Pursuant To Message No. 9134302................................. 9

CONCLUSION................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)............................................................................................ 5, 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)............................................................................................ 5, 6

*Browning v. Clinton,*
292 F.3d 235 (D.C. Cir. 2002)................................................................................ 5

*CR Indus. v. United States,*
10 CIT 561 (1986)................................................................................................... 4

*Eastern Transp. Co. v. United States,*
272 U.S. 675, 47 S. Ct. 289, 71 L. Ed. 472 (1927)............................................... 4

*Kellogg Brown & Root Servs., Inc. v. United States,*
728 F.3d 1348 (Fed. Cir. 2013) ............................................................................. 5

*McMahon v. United States,*
342 U.S. 25, 72 S. Ct. 17, 96 L. Ed.  (1951) ....................................................... 4

*McNutt v. Gen. Motors Acceptance Corp.,*
298 U.S. 178 (1936).............................................................................................. 4

*Mitsubishi Elecs. Am. v. United States,*
44 F.3d 973 (Fed. Cir. 1994) ............................................................................... 9

*Ovan Intern., Ltd. v. U.S.,*
49 F. Supp. 3d 1327 (Ct. Intl. Trade 2015) ......................................................... 7

*Rack Room Shoes v. United States,*
718 F.3d 1370 (Fed. Cir. 2013) ........................................................................... 5

*Royal Business Machs., Inc. v. United States,*
1 C.I.T. 80, 507 F. Supp. 1007 (Ct. Int'l Trade 1980)
*aff'd,* 69 C.C.P.A. 61, 669 F.2d 692 (CCPA 1982)............................................. 9

*Ruckelshaus v. Sierra Club,*
463 U.S. 680 (1993).............................................................................................. 4

*Sears Holdings Mgt. Corp. v. U.S.*,
36 C.I.T. 1154 (Ct. Int'l Trade 2012) ................................................................ 7

*Steel Co. v. Citizens For A Better Env't*,
523 U.S. 83 (1998) .............................................................................................. 4

*United Pac. Ins. Co. v. United States*,
464 F.3d 1325 (Fed. Cir. 2006) .......................................................................... 5

*United States v. Mitchell*,
445 U.S. 535 (1980) ............................................................................................ 4

*United States v. Islip*,
22 CIT 852 (1998) ............................................................................................. 11

*VoestAlpine USA Corp. v. United States*,
578 F. Supp. 3d 1263 (2022) ............................................................................ 12

*Wally Packaging, Inc. v. United States*,
578 F. Supp. 1408 (Ct. Int'l Trade 1984) .......................................................... 4

*Wuxi Seamless Oil Pipe Co., Ltd. v. United States*,
780 F. Supp. 2d 1337 (Ct. Int'l Trade 2011) ..................................................... 6

*YC Rubber Co. (N.A) LLC v. United States*,
Court No. 19-00069 ................................................................................ 2, 3, 10

**Statutes**

19 U.S.C. § 1514(a)(2) ........................................................................................ 9

19 U.S.C. § 1514(a)(5) ........................................................................................ 9

28 U.S.C. § 1581 ................................................................................................. 5

28 U.S.C. § 1581(a) ......................................................................................... 1, 6

28 U.S.C. § 2631(a) ............................................................................................ 7

28 U.S.C. § 2636(a)(1) ........................................................................................ 6

**Rules**

USCIT R. 12(b)(1) ........................................................................................... 1, 4

USCIT R. 12(b)(6) ........................................................................................... 1, 5

**Other Authorities**

*Certain Passenger Vehicle and Light Tires from the People's Republic of China: Final Results of Antidumoing Duty Adminstrative Review and Final Determination of No Shipments: 2016-2017*, 84 Fed. Reg. 17,781 (Dept. of Commerce April 26, 2019)..........................................................… 2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| ACQUISITION 362, LLC, dba | : | |
| STRATEGIC IMPORT SUPPLY, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00011 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of International Trade, defendant, United States (the Government), respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction, lack of standing and/or failure to state a claim for which relief can be granted.

## INTRODUCTION

Plaintiff, Acquisition 362, LLC, dba Strategic Import Supply LLC (plaintiff or Acquisition), commenced this action to challenge, pursuant to 28 U.S.C. § 1581(a), U.S. Customs and Border Protection's (CBP) liquidations of 33 entries of certain passenger vehicle and light truck tires (PVLT tires) imported from the People's Republic of China that were subject to an antidumping duty order.  The merchandise at issue was manufactured by Shandong Hengyu Science & Technology Co., Ltd. (Hengyu) or Shandong Wanda Boto Tyre Co., Ltd. (Boto).  At liquidation, CBP assessed antidumping duties at a rate of 64.57% pursuant to Message No. 9134302 issued by the Department of Commerce (Commerce).  *See* Message No. 9134302, Ex. A.  Plaintiff alleges that CBP

prematurely liquidated the entries and that the entries should have remained suspended at the cash deposit antidumping duty rate applicable at the date of entry, 8.72%, pending the conclusion of the litigation in *YC Rubber Co. (N.A.) LLC v. United States*, Consol. Court No. 19-00069. However, there are a number of infirmities in plaintiff's complaint. First, this action is untimely with respect to protests covering two entries.[1] Second, plaintiff lacks standing with respect to four protests summonsed in this case.[2] Finally, for the remaining entries over which jurisdiction exists and for which plaintiff has standing, plaintiff has failed to state a claim for which relief can be granted.[3] Accordingly, this action should be dismissed in its entirety.

## BACKGROUND

### I.    Commerce's Proceeding And Litigation

On April 26, 2019, Commerce published the final results of the administrative review of the antidumping duty order covering PVLT tires from the PRC for the August 1, 2016 through July 31, 2017 period of review. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping*

---

[1] The relevant protests are Protest No. 5301-20-102176 (protesting liquidation of Entry No. ACN-12-028567) and Protest No. 2704-20-112243 (protesting liquidation of Entry No. ACN-12-037105).

[2] The relevant protests are Protest Nos. 4601-20-118707, 2704-20-138603, 5301-20-105121 and 2704-20-138596.

[3] The relevant entries are ACN-1199685-5, ACN-1206001-6, ACN-1199307-6, ACN-1198519-7, ACN-1199214-4, ACN-1198043-8, ACN-1203697-4, ACN-1203211-4, ACN-1199686-3, ACN-1200148-1, ACN-1204396-2, ACN-1204398-8, ACN-1202571-2, ACN-1203212-2, ACN-1204399-6, ACN-1204397-0, ACN-1203700-6, ACN-1205175-9, ACN-1205997-6, ACN-1205176-7, ACN-1204686-6, ACN-1203705-5, ACN-1200936-9, ACN-1200938-5, ACN-1200945-0, ACN-1202567-0, ACN-1202569-6, ACN-1202861-7, ACN-1203708-9, ACN-1202195-0 and ACN-1203367-4.

*Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 Fed. Reg. 17,781 (Dept. of Commerce April 26, 2019).  Hengyu and Boto were assigned a separate rate of 64.57%.  *Id.*  On May 14, 2019, Commerce issued Message No. 9134302 instructing CBP to assess antidumping duties at a rate of 64.57% on Hengyu's and Boto's entries that entered during the 2016-2017 period of review.  *See* Message No. 9134302, Ex. A.

In May 2019, importers other than plaintiff challenged Commerce's final results. *See YC Rubber Co. (N.A.) LLC v. United States*, Consol. Court No. 19-00069 (complaint filed by importers YC Rubber Co. (N.A.) LLC and Sutong Tire Resources, Inc.).  On May 28, 2019, this Court issued a statutory injunction enjoining the liquidation of entries of PVLT tires from China that were "produced/exported by Shandong Hengyu Science & Technology Co., Ltd." or "Shandong Wanda Boto Tyre Co., Ltd." and "imported by Sutong China Tire Resources."  *See* Message Nos. 9148310 and 9151301, Ex. B.  This litigation is still pending before the Court.

## II.    Merchandise At Issue

This action covers protests against the liquidation of 33 entries of PLVT tires imported from the People's Republic of China that were subject to an antidumping duty order.  The merchandise was manufactured by Hengyu or Boto, and imported by plaintiff between August 7, 2016 and November 22, 2016.  At entry, plaintiff deposited estimated antidumping duties at a rate of 8.72%.  CBP liquidated the entries between September 6, 2019 and November 15, 2019 at a rate of 64.57% pursuant to Message No. 9134302.  *See* Message No. 9134392, Ex. A.  Plaintiff timely protested the liquidations, which CBP subsequently denied on June 29, 2023 or July 25, 2023.

## ARGUMENT

### I.    Standard Of Review

#### A.  Standard Of Review For A Motion To Dismiss Pursuant To USCIT R. 12(b)(1)

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998).  "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."  *CR Indus. v. United States*, 10 CIT 561, 562 (1986).  When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

Furthermore, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted).  A waiver of sovereign immunity must be unequivocally expressed, not merely implied.  *Id*.  As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1993).

4

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize suit against the United States only under certain conditions. In customs and trade litigation, subject matter jurisdiction in actions against the United States is conferred upon this Court by 28 U.S.C. § 1581. Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of that statute are met.

### B. Standard Of Review For A Motion To Dismiss Pursuant To USCIT R. 12(b)(6)

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy. *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006). The motion "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations, *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557) (alteration in original); *see also Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013).

Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although courts will primarily consider the allegations in a complaint when considering a motion to dismiss for failure to state a claim, courts may also consider "facts…in documents appended to the complaint or incorporated in the complaint by reference, and to matters for which judicial notice may be taken." *Wuxi Seamless Oil Pipe Co., Ltd. v. United States*, 780 F. Supp. 2d 1337, 1339 (Ct. Int'l Trade 2011) (quotations and citations omitted).

## II.    The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) Over Six Protests

Plaintiff's complaint should be dismissed, in part, for lack of jurisdiction for the following reasons. First, it should be dismissed with respect to two protests – Protest No. 5301-20-102176 (protesting liquidation of Entry No. ACN-12-028567) and Protest No. 2704-20-112243 (protesting liquidation of Entry No. ACN-12-037105) – that plaintiff is time barred from challenging because they were summonsed over 180 days after the date of the mailing of the notice of the protest denial. Second, the complaint should be dismissed with respect to four of the protests because, as plaintiff was not the protestant for these protests, it lacks standing to challenge the denial of these four protests.

### A.  Plaintiff's Action Is Untimely With Respect To Two Protests

Pursuant to 28 U.S.C. § 2636(a)(1), "[a] civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade –  (1) within

one hundred and eighty days after the date of mailing of notice of denial of a protest

under section 515(a) of such Act." The Court does not have jurisdiction over civil

actions that are not filed within this time period. *See, e.g.*, *Sears Holdings Mgt. Corp. v.*

*U.S.*, 36 C.I.T. 1154, 1157 (Ct. Int'l Trade 2012) ("Plaintiff failed to commence its action

within 180 days of the original protest decision. The court therefore does not have

jurisdiction over this action.")

Here, the electronic notification of the denial of Protest No. 5301-20-102176

(protesting liquidation of Entry No. ACN-1202856-7) and Protest No. 2704-20-112243

(protesting liquidation of Entry No. ACN-1203710-5) was emailed to the protestant on

June 29, 2023. *See* Protest Denial Notifications, Ex. C. Plaintiff was required to contest

the denial by December 26, 2023 and was time barred from doing so after that date. 28

U.S.C. § 2636(a)(1). The summons was filed on January 18, 2024, after the 180-day time

period. *See* ECF No. 1 (Summons); *see also* ECF No. 11 (Amended Summons).

Accordingly, the Court does not have jurisdiction over these two protests.

### B. Plaintiff Lacks Standing With Respect To Four Protests Because Plaintiff Was Not The Protestant

Pursuant to 28 U.S.C. § 2631(a), "[a] civil action contesting the denial of a

protest, in whole or in part, under section 515 of the Tariff Act of 1930 may be

commenced in the Court of International Trade by the person who filed the protest

pursuant to section 514 of such Act, or by a surety on the transaction which is the subject

of the protest." *See, e.g.*, *Ovan Intern., Ltd. v. U.S.*, 49 F. Supp. 3d 1327, 1331 (Ct. Int'l

Trade 2015) ("The language of 28 U.S.C. § 2631(a), however, is clear that to have

standing to appeal a denied protest [plaintiff] must have either filed the protest or have

served as a surety on the transaction, neither of which it did.").

Here, plaintiff was not the protestant for four of the protests identified in the summons (*see* n.2 above). Specifically, one of the four protests (Protest No. 2704-20-138596) does not relate to an entry of merchandise imported by plaintiff and was filed by another importer. Three other protests (Protest Nos. 4601-20-118707, 2704-20-138603, 5301-20-105121) were filed by Great American Insurance Co. (Great American), but cover entries also included in other protests that were filed by plaintiff and summonsed in this action. As such, three of the entries identified on the summons are covered by two protests, one filed by plaintiff and one filed by Great American:

- Entry No. ACN-12-021950 is covered by plaintiff's Protest No. 4601-20-109226 and Great American's Protest No. 4601-20-118707.[4]

- Entry No. ACN-12-028567 is covered by plaintiff's Protest No. 5301-20-102176 and Great American's Protest No. 5301-20-105121.[5]

- Entry No. ACN-12-037105 is covered by plaintiff's Protest No. 270-42-0112243 and Great American's Protest No. 2704-20-138603.[6]

Because plaintiff lacks standing with respect to the three protests filed by Great American, they are improperly summonsed in this action and should be dismissed from the case. Notwithstanding this procedural defect, the entries associated with Great American's protests (Entry Nos. ACN-12-021950, ACN-12-028567 and ACN-12-037105) are covered by protests filed by plaintiff (Protest Nos. 4601-20-109226, 5301-

---

[4] This is one of the entries over which the Court has jurisdiction, but as discussed below, plaintiff has failed to state a claim for which relief can be granted.

[5] This is one of the two protests for which the summons was untimely filed.

[6] This is one of the two protests for which the summons was untimely filed.

20-102176, and 270-42-0112243), and also included in the summons of this case.

However, plaintiff's claims with respect to these entries should be dismissed for lack of

jurisdiction because the summons was untimely filed or for failure to state a claim for

which relief can be granted.  *See* n.4-6, above.

### III.    Plaintiff's Remaining Claims Should Be Dismissed For Failure To State A Claim For Which Relief Can Be Granted Because CBP Properly Liquidated Plaintiff's Entries Pursuant To Message No. 9134302

The remaining entries over which the Court has jurisdiction and plaintiff has

standing to challenge CBP's assessment of duties upon liquidation should be dismissed

for failure to state a claim upon which relief can be granted.  The question before the

Court is whether plaintiff's complaint alleges a cognizable claim that CBP did not

properly administer its ministerial role in liquidating the antidumping duties when it

liquidated the entries at issue.  As the Court of Appeals for the Federal Circuit has

recognized, "Customs has a merely ministerial role in liquidating antidumping duties

under 19 U.S.C. § 1514(a)(5)."  *Mitsubishi Elecs. Am. v. United States*, 44 F.3d 973, 977

(Fed. Cir. 1994).  "Customs merely follows Commerce's instructions in assessing and

collecting duties.  Customs does not determine the 'rate and amount' of antidumping

duties under 19 U.S.C. § 1514(a)(2).  Customs only applies antidumping rates determined

by Commerce. . . . Customs cannot 'modify . . . [Commerce's] determinations, their

underlying facts, or their enforcement.'"  *Id*. (quoting *Royal Business Machs., Inc. v.*

*United States*, 1 C.I.T. 80, 507 F. Supp. 1007, 1014 n.18 (Ct. Int'l Trade 1980), *aff'd*, 69

C.C.P.A. 61, 669 F.2d 692 (CCPA 1982).).

Here, CBP correctly liquidated plaintiff's entries pursuant to Message No.

9134302.  Paragraph 1 of Message No. 9134302 states:

> 1. For all shipments of certain passenger vehicle and light truck tires from the People's Republic of China exported by the firms listed below and entered, or withdrawn from warehouse, for consumption during the period 08/01/2016 through 07/31/2017, assess an antidumping liability equal to 64.57 percent of the entered value of subject merchandise:
> . . .
> Exporter: Shandong Hengyu Science & Technology Co., Ltd. Case number: A-570-016-153
> . . .
> Exporter: Shandong Wanda Boto Tyre Co., Ltd. Case number: A-570-016-185

*See* Ex. A.  Paragraph 3 further states that "[t]here are no injunctions applicable to the entries covered  by this instruction."  *Id*.  Plaintiff's merchandise was entered during the period identified in Message No. 9134202 (08/01/2016 through 07/31/2017), and was manufactured by the entities identified in the message.

Plaintiff alleges that CBP prematurely liquidated the entries and that the entries should have remained suspended at the cash deposit antidumping duty rate applicable at the date of entry, 8.72%, pending the conclusion of the litigation in *YC Rubber Co. (N.A.) LLC v. United States*, Consol. Court No. 19-00069.  *See* Compl. ¶¶ 35-37.  Plaintiff further alleges that the statutory injunction issued in Consol. Court No. 19-00069 and covered by Commerce Message Nos. 9148310 and 9151301 applied to its entries because it enjoined "certain entries produced/exported by Hengyu and Boto."  Compl. ¶ 24; *see also* Compl. ¶¶ 25-28.  Plaintiff, however, fails to mention in its complaint that the referenced statutory injunction only enjoined the liquidation of entries exported by Hengyu and Boto *that were imported by Sutong China Tire Resources*.  Notably, Acquisition is not mentioned anywhere in the statutory injunction or in Commerce Message Nos. 9148310 and 9151301.

10

Specifically, paragraph 2 of Message No. 9148310 enjoined liquidation of entries of the subject merchandise from China pursuant to the statutory injunction issued by the Court in conjunction with Consol. Court No. 19-00069 "(1) that were (a) produced/exported by Shandong Hengyu Science & Technology Co., Ltd." or "Shandong Wanda Boto Tyre Co., Ltd." and "(b) imported by Sutong China Tire Resources." *See* Ex. B.  Turning to the other message referenced by plaintiff, Message No. 9151301, it merely corrected the header of Message No. 9148310 to correct that the last day of the period of review was 07/31/2017 (not 07/30/2017). *See id.*  It made no substantive changes to Message No. 9148310.  The plain language of Message No. 9148310 does not apply to plaintiff's merchandise because, as plaintiff concedes in its complaint, it is the importer of record of the merchandise that is the subject of the relevant protests (Compl. ¶ 3), and the message only applies to merchandise that was "imported by Sutong China Tire Resources."

Accordingly, a "consideration [of the] facts stated on the face of the complaint, documents appended to the complaint and documents incorporated in the complaint by reference," *United States v. Islip*, 18 F. Supp. 2d 1047, 1051 (Ct. Int'l Trade 1998), demonstrate that Acquisition has failed to show why liquidation of its merchandise should have remained suspended pending the outcome of Consol. Court No. 19-00069 and that Commerce's instructions to CBP regarding that statutory injunction, namely Message Nos. 9148310 and 9151301, apply to its merchandise rather than Message No. 9134302, or that it was is entitled to a "refund of 55.85%, which represents the difference between the amount paid as a result of the improper and premature assessment of the Administrative Review rate of 64.57% less the AD Order rate of 8.72% paid at the time

of entry, plus interest." Compl. ¶¶ 23-28, 31. Because plaintiff's "allegations of fact are not 'enough to raise a right to relief above the speculative level'", *VoestAlpine USA Corp. v. United States*, 578 F. Supp. 3d 1263, 1276 (Ct. Int'l Trade 2022 (internal citations omitted)), the complaint should be dismissed for failure to state a claim for which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                        /s/ Hardeep K. Josan
SABAHAT CHAUDHARY                  HARDEEP K. JOSAN
Office of the Assistant            Trial Attorney
Chief Counsel                      International Trade Field Office
International Trade Litigation      Department of Justice, Civil Division
U.S. Customs and Border            Commercial Litigation Branch
Protection                         26 Federal Plaza, Room 346
                                    New York, New York 10278
                                   (212) 264-9245
April 17, 2024                     Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated April 17, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 3,126 words.

<u>/s/ Hardeep K. Josan</u>