UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Acquisition 362, LLC dba Strategic Import Supply,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>United States,  )<br>)<br>Defendant.  )<br>) | Court No. 1:24-cv-11<br>Hon. Mark A. Barnett |

## **ORDER**

Upon review of Defendant's Motion to Dismiss, Plaintiff's opposition thereto, and upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that Defendant's motion is denied.

_____
Hon. Mark A. Barnett, Chief Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Acquisition 362, LLC dba<br>Strategic Import Supply,<br><br>        Plaintiff,<br><br>v.<br><br>United States,<br><br>        Defendant. | Court No. 1:24-cv-11<br>Hon. Mark A. Barnett |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Thomas G. Wallrich
Heather L. Marx
Cozen O'Connor
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000

*Attorneys for Plaintiff*

May 22, 2024

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

ARGUMENT ....................................................................................................................... 6

    I.    STANDARD OF REVIEW ................................................................. 6

    II.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1581(a) BECAUSE CBP PERFORMED A NON-MINISTERIAL TASK IN DENYING PLAINTIFF'S PROTESTS .................................................. 7

        A.    CIT Jurisdiction and the "Ministerial" Standard ....................................... 7

        B.    CBP's Decision ........................................................................................ 9

    III.    DEFENDANT'S MOTION BASED ON PLAINTIFF'S FAILURE TO STATE A CLAIM IS PROPERLY DENIED. ................................................................. 10

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................7

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................7

*Cedars–Sinai Med. Ctr. v. Watkins*,
    11 F.3d 1573 (Fed. Cir. 1993) .................................................................................................7

*Gould, Inc. v. United States*,
    935 F.2d 1271 (Fed. Cir. 1991) ...............................................................................................7

*Henke v. United States*,
    60 F.3d 795 (Fed. Cir. 1995) ...................................................................................................7

*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) .................................................................7

*Mitsubishi Elecs. Am., Inc. v. United States*,
    44 F.3d 973 (Fed. Cir. 1994) .............................................................................................8, 10

*Techsnabexport, Ltd. v. United States*,
    16 CIT 420, 795 F.Supp. 428 (1992) ......................................................................................6

*Thyssenkrupp Steel North America, Inc. v. United States*,
    886 F.3d 1215 (Fed. Cir. 2018) ...............................................................................................8

*United States Shoe Corp. v. United States*,
    114 F.3d 1564 (Fed.Cir.1997), aff'd, *United States v. United States Shoe
    Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998) ..........................................8, 9

*United States v. Williams*,
    514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) .........................................................7

**Statutes**

19 U.S.C. § 1514 .........................................................................................................................7, 8

19 U.S.C. § 1514(a) .....................................................................................................................7, 9

19 U.S.C. § 1514(a)(1)–(7) .............................................................................................................7

19 U.S.C. § 1515 .............................................................................................................................7

19 U.S.C. § 1515(a) ...................................................................................................................7

28 U.S.C. § 1581(a) .........................................................................................................1, 6, 7, 8

28 U.S.C. §2632 .........................................................................................................................6

**Other Authorities**

19 C.F.R. §174.31 ......................................................................................................................6

80 FR 47902 (Aug. 10, 2015) ....................................................................................................3

82 FR 48051 (Oct. 16, 2017) .....................................................................................................3

82 FR 57705 (Dec. 7, 2017).......................................................................................................3

83 FR 45893 (Sept. 11, 2018)....................................................................................................3

84 FR 17781 (Apr. 26, 2019).....................................................................................................4

USCIT Rule 12(b)(1) ..............................................................................................................6, 7

USCIT Rule 12(b)(6) ..............................................................................................................7, 10

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Acquisition 362, LLC dba Strategic Import Supply,<br><br>        Plaintiff,<br><br>v.<br><br>United States,<br><br>        Defendant. | Court No. 1:24-cv-11<br>Hon. Mark A. Barnett |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Acquisition 362, LLC dba Strategic Import Supply ("Plaintiff") submits this memorandum in opposition to the motion to dismiss filed by Defendant United States ("Defendant") (Dkt. No. 17), which motion requests that this action be dismissed for lack of subject matter jurisdiction, lack of standing, and/or failure to state a claim for which relief can be granted. Because Plaintiff validly challenged a protestable decision by U.S. Customs and Border Protection ("CBP"), Plaintiff has stated a valid claim for relief, and Defendant's motion to dismiss is properly denied.

### INTRODUCTION

Plaintiff brought this action pursuant to 28 U.S.C. § 1581(a) to contest the denial of thirty-three protests based on CBP's decision to liquidate entries of certain passenger vehicle and light truck tires imported from the People's Republic of China, despite ongoing litigation and an unresolved dispute as to the applicable anti-dumping ("AD") duty rates to which the entries were subject. Notwithstanding the characterization by Defendant that CBP was merely acting in a ministerial capacity when CBP liquidated the relevant entries pursuant to instructions by the Department of Commerce ("Commerce"), in implementing Commerce's instructions to liquidate,

CBP used its discretion and made the particular decision to deny Plaintiff the stay of liquidation Plaintiff requested while the AD rate for the tires at issue was subject to ongoing dispute and, accordingly, prematurely applied a rate to entries that was not yet final. Because CBP used its discretion to make the decision to deny Plaintiff the benefit of the requested stay and liquidated Plaintiff's entries, CBP was not merely acting ministerially, and, as such, Plaintiff's Complaint sets forth a valid claim for relief. Defendant also argues that several of the protests included in Plaintiff's Complaint are untimely[1] or that Plaintiff lacks standing[2] because Plaintiff is not the protestant, and therefore Plaintiff's claims should be dismissed as to those protests. As explained in the notes below, Plaintiff withdraws its claims as to those specific protests. As to the remaining protests, Defendant's motion to dismiss is properly denied in its entirety.

---

[1] Specifically, Defendant asserts that Protest No. 54301-20-102176 (protesting liquidation of entry number ACN-1202856-7) and Protest No. 2704-20-112243 (protesting liquidation of entry number ACN-1203710-5) are untimely because Plaintiff did not contest within 180 days of denial. Review of Plaintiff's records indicates a July 25, 2023 date of denial for these Protests. However, considering the evidence as presented by Defendant in Exhibit C to its Motion to Dismiss, Plaintiff will withdraw its claims as to Protest Nos. 54301-20-102176 and 2704-20-112243.

[2] Defendant also asserts that Plaintiff lacks standing to contest the denial of Protest Nos. 2704-20-138596, 4601-20-118707, 2704-20-138603, 5301-20-105121 because Plaintiff was not the protestant. Out of an abundance of caution to ensure that all of the relevant entries were included in the Complaint in this action, it appears Plaintiff inadvertently included (i.e. double-counted) certain protests that were covered by Plaintiff's surety, Great American Insurance Company. Accordingly, Plaintiff will withdraw its claims as to Protest Nos. 2704-20-138596, 4601-20-118707, 2704-20-138603, and 5301-20-105121.

## BACKGROUND

Plaintiff is a United States importer of certain passenger vehicle and light truck tires, including the subject tires in this action (the "Tires"), as specified by the Protest and Entry Numbers in the Schedule of Protests appended to Plaintiff's Complaint (the "Entries"). Compl. at p. 10. The Tires contained in the Entries were manufactured by Shandong Hengyu Science & Technology Co., Ltd. ("Hengyu") and/or Shandong Wanda Boto Tyre Co., Ltd. ("Boto"). *Id.* at ¶ 9.

On August 10, 2015, Commerce issued an AD order on certain passenger vehicle and light truck tires manufactured in the People's Republic of China. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order,* 80 FR 47902 (Aug. 10, 2015) (the "AD Order"). As a product of the AD Order, an AD rate of 8.72% was assigned to Hengyu and/or Boto at the time of the Entries, all of which occurred between August 1, 2016 and July 31, 2017. Compl. at ¶¶ 12-13.

On October 16, 2017, Commerce published Notice of its initiation of an Administrative Review of the AD Order for fifty-nine producers/exporters for the period of review between August 1, 2016 and July 31, 2017. *See* 82 FR 48051 (Oct. 16, 2017); 82 FR 57705 (Dec. 7, 2017) (correcting the misspelling of the names of two producers/exporters contained in 82 FR 48051). Within the ninety-day period following publication of the October 16, 2017 notice, Boto sought to withdraw its request for administrative review. Compl. at ¶ 16.

On September 11, 2018, Commerce published its preliminary results in the Administrative Review and invited interested parties to submit their comments in response to the preliminary results. *See* 83 FR 45893 (Sept. 11, 2018). Subsequent to the issuance of the preliminary results,

several separate rate entities, including Hengyu, sought to withdraw their requests for administrative review. Compl. at ¶ 18.

Commerce issued final results in the Administrative Review of the AD Order on April 26, 2019, which, *inter alia,* adjusted the AD rate applicable to exporters Hengyu and Boto to 64.57% during the period between August 1, 2016 to July 31, 2017 (the "Final Results"). *See Antidumping Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*; 2016-2017, 84 FR 17781 (Apr. 26, 2019). In the Final Results, Commerce failed to grant a recission of the preliminary results to the separate rate entities who had properly and timely requested withdrawal of their administrative review request. Compl. at ¶ 21.

In a separate action, on May 5, 2019, YC Rubber Co. (North America) LLC and Sutong Tire Resources, Inc. (collectively, the "CIT Plaintiffs") sought review of the Final Results by this Court. In that separate action, the CIT Plaintiffs argued that Commerce's unwillingness to grant a recission of the Administrative Review as to those separate rate respondents (including Hengyu and Boto) who requested withdrawal of their review requests was unsupported by substantial evidence or otherwise not in accordance with the law. *See* Complaint, Court File No. 1:19-cv-00069.

On May 14, 2019, Commerce issued instructions to CBP through the issuance of Message No. 9134302, lifting the suspension of liquidation for entries of merchandise subject to the Administrative Review and assessing an AD duty rate of 64.57% to tires exported by, among other entities, Hengyu and Boto, during the period of review dating from August 1, 2016 to

4

July 31, 2017. Message No. 9134302 had an effective date of April 26, 2019. Compl. at ¶ 23; Ex. A to Defendant's Motion to Dismiss.

On May 24, 2019, in connection with the action filed by the CIT Plaintiffs, this Court issued a statutory injunction (the "SI") enjoining liquidation of certain entries subject to the AD Order and the Administrative Review for the period of review dating from August 1, 2016 to July 31, 2017, including certain entries produced/exported by Hengyu and Boto that were imported by Sutong China Tire Resources. Compl. at ¶ 24; Ex. B to Defendant's Motion to Dismiss.

On May 28, 2019, Commerce issued instructions to CBP through the issuance of Message 9148310, informing CBP of the mandates of the SI and specifically indicating that CBP was to follow the terms of the SI, which "applie[d] to the liquidation instructions in message number 9134302, dated 05/14/2019." Compl. at ¶ 25; Ex. B. to Defendant's Motion to Dismiss. Message 9148310 informed CBP that the AD rate as applicable to tires manufactured by Hengyu and Boto was not finalized and subject to ongoing litigation. Compl. at ¶ 26. The action filed by the CIT Plaintiffs is still pending before this Court.

Despite its notice of the ongoing nature of the litigation that produced the SI, despite the remand redetermination required by the Federal Circuit Court of Appeals for the Administrative Review rate issued for tires manufactured by Hengyu and Boto, and despite the lack of finalization regarding the AD rate assessable to tires manufactured by Hengyu and Boto and entered during the period of review at issue (as were the Tires at issue herein), CBP liquidated the Entries for the Tires manufactured by Hengyu and Boto and entered and imported by Plaintiff during the period of review at issue. Compl. at ¶ 29.

Plaintiff protested the AD rates that were assessed for the Entries at the time of liquidation as premature given the lack of finality to the AD rates at issue for Tires manufactured by Hengyu

and Boto ongoing as part of the Administrative Review and the challenge asserted by the CIT Plaintiffs, as set forth in the Schedule of Protests. Compl. at ¶ 29.

In denying the Protests, the CBP exercised its discretion and made an independent decision not to stay the liquidation as requested by Plaintiff, despite Plaintiff's arguments to the contrary contained in each of the Protests. As Plaintiff protested, the AD rates applicable to Hengyu and Boto for the Period of Review are not final – not just with regard to the CIT Plaintiffs, but also with regard to all importers of Hengyu/Boto tires during the period of review specifically at issue, including Plaintiff. *See, e.g.,* Protest No. 270420112245, Ex. A at p. 4 (Dkt No. 16-26).

As to the remaining entries not withdrawn as discussed above, Plaintiff timely commenced this action within 180 days after the date of mailing of notice of Protest denials, pursuant to 28 U.S.C. §2632 and 19 C.F.R. §174.31. For the reasons as detailed below, Plaintiff's Complaint states a valid claim for relief and this case must be allowed to proceed.

## ARGUMENT

**I.    STANDARD OF REVIEW**

The Court has Ordered that, in responding to Defendant's motion to dismiss, Plaintiff should address whether this Court has jurisdiction to review the denial of a protest if the basis for the denial is that the CBP was simply following the instructions of Commerce. Specifically, the question posed to Plaintiff is whether CBP was acting ministerially in liquidating the entries, and, if so, whether such liquidations are protestable. *See* Order, Dkt. No. 18. Accordingly, Plaintiff addresses the standard for jurisdiction below, despite its withdrawal of its claims as to the only Protests Defendant challenges on the basis of a lack of subject matter jurisdiction pursuant to USCIT Rule 12(b)(1) and 28 U.S.C. § 1581(a).

Case law confirms that "[p]laintiffs carry the burden of demonstrating that jurisdiction exists." *Techsnabexport, Ltd. v. United States,* 16 CIT 420, 422, 795 F.Supp. 428, 432

(1992) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Where, as here, claims depend upon a waiver of sovereign immunity, a jurisdictional statute is to be strictly construed. *United States v. Williams*, 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).

In deciding a USCIT Rule 12(b)(1) motion to dismiss that does not challenge the factual basis for the complainant's allegations, and when deciding a USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 & n. 13 (Fed. Cir. 1993); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991).

Assuming that all of the factual allegations are true, "a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

Application of these well-established standards to the facts of this case confirms that Defendant's motion to dismiss is properly denied.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1581(a) BECAUSE CBP PERFORMED A NON-MINISTERIAL TASK IN DENYING PLAINTIFF'S PROTESTS.

### A. CIT Jurisdiction and the "Ministerial" Standard

28 U.S.C. § 1581(a) states that this Court shall have "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." 28 U.S.C. § 1581(a). Section 1515 governs CBP's review of protests filed under 19 U.S.C. § 1514. 19 U.S.C. § 1515(a). Section 1514(a), in turn, sets forth the exclusive list of CBP decisions that are subject to protest. 19 U.S.C. § 1514(a)(1)–(7). "Decisions" by CBP are "substantive

7

determinations involving the application of pertinent law and precedent to a set of facts . . ." *United States Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997), aff'd, *United States v. United States Shoe Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998). In other words, CBP must engage in some sort of decision-making process in order for there to be a protestable decision. *See id.* Further, generally, this Court has held that ministerial actions by Customs that do no more than effectuate decisions of Commerce on the assessment of antidumping duties are not protestable decisions under 19 U.S.C. § 1514. *See, e.g., Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976–77 (Fed. Cir. 1994). However, liquidation determinations may be protested, in a timely fashion, on the ground that its soundness, including its continued soundness, depends on resolution of an issue that requires a "decision" by CBP. *See Thyssenkrupp Steel N. Am., Inc. v. United States,* 886 F.3d 1215, 1224 (Fed. Cir. 2018). Indeed, that understanding serves the purpose of the protest mechanism—to allow agency consideration of issues after an initial liquidation determination. *See id.*

The question before this Court, therefore, is whether it has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1581(a), which question requires analysis of (1) whether CBP was acting ministerially in liquidating the Entries and (2) whether such liquidations are protestable. Here, assuming all facts as alleged in its Complaint as true, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has set forth sufficient facts in its Complaint to conclude that CBP was not acting ministerially when it denied Plaintiff's Protests, refused to stay its determination on liquidation, and liquidated the Entries at issue despite the identical facts and law that stayed liquidation for other importers while the AD rate remains in dispute.

### B. CBP's Decision

The case at hand demonstrates a situation where CBP made the decision to deny Plaintiff's Protests, which challenged CBP's decision to refuse to extend application of the SI to Plaintiff and liquidate the Entries where the AD rate was not yet final as to Hengyu and Boto for the period of review at issue considering the ongoing litigation brought by the CIT Plaintiffs. Plaintiff's Protests requested that the stay of liquidation be applied not just with regard to the CIT Plaintiffs but also with regard to all importers of Hengyu/Boto tires, including Plaintiff, given the identical nature of the imports and their period of import. *See, e.g.*, Protest No. 270420112245, Ex. A, at p. 4 (Dkt. No. 16-26). Accordingly, when CBP received Message No 9148310, in interpreting Paragraph 2 of the message which applies the SI that "enjoins liquidation of entries of PVLT tires from China: (1) that were (a) produced/exported by [Hengyu] or [Boto] and (b) imported by Sutong China Resources" it applied the law as set forth in the SI to a set of facts, *i.e.,. made a decision*, per *United States Shoe Corp.,* 114 F.3d 1 at 1569, to refuse to extend the application of the SI to Plaintiff, instead liquidating the Entries prematurely despite the ongoing stay as to liquidation of other entries for the same tires from the same manufacturers during the identical period of review.

Because CBP used its discretion to refuse to stay liquidation as to Plaintiff on facts and law identical to a situation where a stay was in place, CBP was not acting in its typical "merely ministerial" role in liquidating the Entries. Further, because CBP made a decision as to the application of the SI with regard to Plaintiff in applying Message No 9148310, that decision is protestable under 19 U.S.C. § 1514(a) (allowing protests against CBP decisions). Accordingly, this Court has jurisdiction over Plaintiff's Claims.

**III.   DEFENDANT'S MOTION BASED ON PLAINTIFF'S FAILURE TO STATE A CLAIM IS PROPERLY DENIED.**

Defendant argues, on a similar basis, that Plaintiff's Complaint fails to state a claim for which relief can be granted, pursuant to USCIT Rule 12(b)(6), because CBP properly liquidated Plaintiff's Entries pursuant to Message No. 9134302. *See* Defendant's Motion to Dismiss, Dkt. 17, at p. 9 (citing *Mitsubishi Elecs. Am., supra*, for the proposition that CBP was merely acting in a ministerial role in liquidating antidumping duties). However, as discussed above, in conjunction with its decision not to stay liquidation of Plaintiff's entries on facts and law identical to those in which a stay had been extended (and given that the AD rate was still in dispute), Plaintiff has provided sufficient facts that CBP used its discretion to make a protestable decision to liquidate the Entries despite the lack of finality as to the applicable AD rates. Similarly, here, considering the above, Plaintiff has set forth sufficient facts that CBP prematurely liquidated the Entries, entitling Plaintiff to a refund for the difference between the amount paid as a result of the premature assessment of the higher AD rate, less the lower AD rate Plaintiff paid at the time of entry, plus interest. Thus, CBP did not correctly liquidate Plaintiff's Entries pursuant to instructions from Commerce, and Plaintiff's Complaint sets forth a valid claim for relief.

## CONCLUSION

For the reasons as set forth above, Plaintiff respectfully requests that Defendant's Motion to Dismiss is denied.

Dated: May 22, 2024

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Heather L. Marx* .
    Thomas G. Wallrich
    Heather L. Marx
    33 South Sixth Street, Suite 3800
    Minneapolis, MN 55402
    Telephone: 612-260-9000
    Fax: 612-260-9084
    twallrich@cozen.com
    hmarx@cozen.com

ATTORNEYS FOR PLAINTIFF ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY

**CERTIFICATE OF COMPLIANCE**

I, Heather L. Marx, an attorney for Plaintiff who is responsible for Plaintiff's memorandum in opposition to Defendant's Motion to Dismiss, dated May 22, 2024 relying upon the word count feature of the word processing program used to prepare Plaintiff's memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,976 words.

                                              */s/ Heather L. Marx*