UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| ACQUISITION 362, LLC, dba STRATEGIC IMPORT SUPPLY, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>              Defendant. | Court No. 24-00011 |

## DEFENDANT'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
| Of Counsel:<br>SABAHAT CHAUDHARY<br>Office of the Assistant<br>Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border<br>Protection | HARDEEP K. JOSAN<br>Trial Attorney<br>International Trade Field Office<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9245 |
| June 12, 2024 | Attorneys for Defendant |

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................2

I.  Plaintiff Has Failed To Identify An Error In CBP's Application Of Commerce's Instructions That Constitutes A Protestable Decision Reviewable By The Court And For Which The Court Can Grant Relief ...............................................2

   A.  There Is No Jurisdiction Under 28 U.S.C. § 1581(a) Over Ministerial Liquidation Of Entries When CBP Simply Follows Commerce's Instructions ........................................................................................................2

   B.  Plaintiff Has Failed To State A Claim For Which Relief Can Be Granted Because CBP Properly Liquidated The Entries Pursuant To Message No. 9134302 ..........................................................................5

CONCLUSION .................................................................................................................6

i

# TABLE OF AUTHORITIES

**Cases**

*Indus. Chems., Inc. v. United States,*
  941 F.3d 1215  (Fed. Cir. 2018) ...................................................................................4

*Mitsubishi Elec. Am., Inc. v. United States,*
  44 F.3d 973 (Fed. Cir. 1994) .......................................................................................3

*Rimco Inc. v. United States,*
  98 F.4th 1046 (Fed. Cir. 2024) ................................................................................3, 4

*Sunpreme Inc. v. United States,*
  946 F.3d 1300 (Fed. Cir. 2020) ...................................................................................3

*Thyssenkrupp Steel N. Am., Inc. v. United States,*
  886 F.3d 1215 (Fed. Cir. 2018) ...................................................................................3

**Statutes**

19 U.S.C. § 1514 ................................................................................................................3

19 U.S.C. § 1514(a) ...........................................................................................................3

19 U.S.C. § 1514(a)(5) ......................................................................................................3

19 U.S.C. § 1515 ............................................................................................................2, 3

28 U.S.C. § 1581(a) ...........................................................................................................2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| ACQUISITION 362, LLC, dba STRATEGIC IMPORT SUPPLY, LLC, | : : : | |
| Plaintiff, | : : | Court No. 24-00011 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |

**DEFENDANT'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant, United States (the Government), submits this reply memorandum in further support of its motion that this action should be dismissed for lack of subject matter jurisdiction because the action is untimely with respect to two protests; lack of standing with respect to four protests; and failure to state a claim for which relief can be granted.[1] We also address the Court's questions issued on May 7, 2024 regarding jurisdiction to review the denial of a protest if U.S. Customs and Border Protection (CBP) was simply following the instructions of the Department of Commerce (Commerce). Specifically, the Court asks whether CBP was acting ministerially in liquidating the entries and, if so, whether such liquidations are protestable. *See* Paperless Order, Dkt. No. 18.

---

[1] Because plaintiff indicates that it will withdraw its claims with respect to protests for which this action is untimely (Protest No. 5301-20-102176; Protest No. 2704-20-112243), and for which plaintiff lacks standing (Protest No. 4601-20-118707; Protest No. 2704-20-138603; Protest No. 5301-20-105121; and Protest No. 2704-20-138596), *see* Pl. Resp. at 2 n.1, n.2, we do not further discuss these arguments in this reply.

In our moving papers, we submitted that plaintiff's complaint should be dismissed for failure to state a claim for which relief can be granted because CBP properly liquidated the entries at issue. We did not move to dismiss on jurisdictional grounds because the primary defect in the complaint is that plaintiff has failed to allege an error that can be challenged and for which this Court can grant relief. However, as discussed below, analysis of the jurisdictional question and the merits of plaintiff's claim turns on the same inquiry, which is whether CBP, in its ministerial capacity, properly applied Commerce's instructions in liquidating plaintiff's entries. The answer is yes. Because there was no error in CBP's application of Commerce's instructions, there is neither jurisdiction under 28 U.S.C. § 1581(a) nor any relief that the Court can grant.

## ARGUMENT

**I.     Plaintiff Has Failed To Identify An Error In CBP's Application Of Commerce's Instructions That Constitutes A Protestable Decision Reviewable By The Court And For Which The Court Can Grant Relief**

Whether the Court has jurisdiction over this action or whether plaintiff has asserted a claim for which relief can be granted both turn on the same inquiry: whether CBP applied Commerce's instructions correctly pursuant to its ministerial role. Because the answer is yes, there is no protestable decision over which the Court has jurisdiction and there is also no claim for which relief can be granted.

**A.     There Is No Jurisdiction Under 28 U.S.C. § 1581(a) Over Ministerial Liquidation Of Entries When CBP Simply Follows Commerce's Instructions**

Section 1581(a) confers jurisdiction on the Court of International Trade to hear actions commenced to contest the denial of a protest under 19 U.S.C. § 1515.

Section 1515 governs CBP's review of protests filed "in accordance with section1514." Section 1514(a)(5), in turn, provides, in relevant part that "any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to . . . the liquidation or reliquidation of an entry . . . shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section."  19 U.S.C. § 1514(a)(5).

When CBP simply follows Commerce's instructions directing it to liquidate entries with the assessment of antidumping and countervailing duties, CBP has not made a protestable decision – namely, it has not made "any clerical error, mistake of fact, or other inadvertence" in liquidating those entries.  Indeed, CBP's role in liquidating entries with the assessment of antidumping and countervailing duties under section 1514(a)(5) is merely ministerial, which is not protestable.  *See Mitsubishi Elec. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994); *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1052 (Fed. Cir. 2024) (finding that when CBP's role is purely ministerial, liquidation of entries subject to antidumping and countervailing duty orders is not a decision under section 1514(a) (citing *Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1224 (Fed. Cir. 2018)).  "The term 'ministerial' is often used to contrast the presence of certain kinds of discretion or judgment."  *Sunpreme Inc. v. United States*, 946 F.3d 1300, 1320 (Fed. Cir. 2020) (en banc) (discussing the parameters of CBP's ministerial authority in the context of antidumping and countervailing duty orders).  "A protestable decision under 1514(a) requires Customs to have 'engage[d] in some sort of

3

decision-making process.'" *Rimco*, 98 F.4th at 1052 (*citing Indus. Chems., Inc. v. United States*, 941 F.3d 1215 1368, 1371 (Fed. Cir. 2018)).

Acquisition contends that "CBP was not acting ministerially when it denied Plaintiff's Protests," but instead "used its discretion to refuse to stay liquidation as to Plaintiff on facts and law identical to a situation where a stay was in place." Pl. Resp. at 8, 9. Specifically, according to Acquisition, "when CBP received Message No. 9148310, in interpreting Paragraph 2 of the message which applies the SI [statutory injunction] that 'enjoins liquidation of entries of PVLT tires from China: (1) that were (a) produced/exported by [Hengyu] or [Boto] and (b) imported by Sutong China Resources' it applied the law as set forth in the SI to a set of facts, *i.e.*, made a decision . . . to refuse to extend the application of the SI to Plaintiff . . . ." Pl. Resp. at 9 (emphasis and citation removed). Acquisition is wrong: Message No. 9148310 did not apply to its entries, and CBP has no authority to extend the statutory injunction to its entries.

The plain language of Message No. 9148310 does not apply to Acquisition's merchandise because the message only applies to merchandise that was "imported by Sutong China Tire Resources." Accordingly, contrary to Acquisition's assertion, the "facts and law" as they pertain to plaintiff are not "identical" to those that pertain to the other importers whose entries were covered by the statutory injunction. Further, CBP had no discretion or authority "to extend the application of the SI to Plaintiff," as Acquisition requested (Pl. Resp. at 9). *Rimco*, 98 F.4th at 1052 ("This is because unlike typical § 1514(a) decisions that involve substantive determinations, Customs lacks discretion when merely follow[ing] Commerce's [liquidation] instructions." (internal citations and quotations removed)). Rather, CBP was simply following Commerce's

4

instructions when it liquidated plaintiff's entries. Thus, Acquisition has failed to identify an error or protestable decision by CBP with respect to application of Message No. 9148310 that is reviewable by this Court.

Acquisition has similarly failed to identify an error or protestable decision by CBP with respect to application of Message No. 9134302, pursuant to which CBP liquidated the entries at issue. Plaintiff believes that Message No. 9134392 did not apply because of Commerce's subsequent Message No. 9148310, which informed CBP of the statutory injunction applicable to *another importer's entries*. However, as noted above, the statutory injunction clearly did not apply to Acquisition's entries.

### B. Plaintiff Has Failed To State A Claim For Which Relief Can Be Granted Because CBP Properly Liquidated The Entries Pursuant To Message No. 9134302

As set forth in the Government's opening brief, CBP correctly liquidated plaintiff's entries pursuant to Message No. 9134302. Paragraph 1 of Message No. 9134302 states:

> 1. For all shipments of certain passenger vehicle and light truck tires from the People's Republic of China exported by the firms listed below and entered, or withdrawn from warehouse, for consumption during the period 08/01/2016 through 07/31/2017, assess an antidumping liability equal to 64.57 percent of the entered value of subject merchandise:
> . . .
> Exporter: Shandong Hengyu Science & Technology Co., Ltd. Case number: A-570-016-153
> . . .
> Exporter: Shandong Wanda Boto Tyre Co., Ltd. Case number: A-570-016-185

*See* Ex. A. Paragraph 3 further states that "[t]here are no injunctions applicable to the entries covered by this instruction." *Id*. Plaintiff's merchandise was entered during the

5

period identified in Message No. 9134202 (08/01/2016 through 07/31/2017), and was manufactured by the entities identified in the message.

In response, plaintiff argues that "CBP did not correctly liquidate Plaintiff's Entries pursuant to instructions from Commerce." Pl. Resp. at 10. Yet, plaintiff provides no explanation for how CBP's liquidations were incorrect, other than its erroneous belief that the statutory injunction message prevented liquidation of its entries. Notably, if Acquisition wanted to benefit from any final rate applied to its exporters, it should have participated in the Commerce proceeding, challenged that proceeding before this Court and sought a statutory injunction enjoining the liquidation of its entries, like other importers did. Because Acquisition failed to follow the appropriate course of action, this Court cannot remedy that failure now. Thus, plaintiff's claim that CBP prematurely liquidated its entries must be dismissed for failure to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, because CBP properly followed Commerce's instructions to liquidate plaintiff's entries, there is no error that is protestable or that the Court can remedy. Thus, the Court should dismiss this action.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy
    Assistant Attorney General

    PATRICIA M. McCARTHY
    Director


|  | By: | /s/ Justin R. Miller |
|---|---|---|
|  |  | JUSTIN R. MILLER |
|  |  | Attorney-In-Charge |
|  |  | International Trade Field Office |

Of Counsel:  
SABAHAT CHAUDHARY  
Office of the Assistant  
Chief Counsel  
International Trade Litigation  
U.S. Customs and Border  
Protection  

/s/ Hardeep K. Josan  
HARDEEP K. JOSAN  
Trial Attorney  
International Trade Field Office  
Department of Justice, Civil Division  
Commercial Litigation Branch  
26 Federal Plaza, Room 346  
 New York, New York 10278  
(212) 264-9245  

June 12, 2024

Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE**

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's reply memorandum in further support of defendant's motion to dismiss, dated June 12, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 1,543 words.

/s/ Hardeep K. Josan