Slip Op. 24-84

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ACQUISITION 362, LLC, d.b.a., STRATEGIC IMPORT SUPPLY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Before: Mark A. Barnett, Chief Judge<br>Court No. 24-00011 |

### OPINION AND ORDER

[Granting Defendant's motion to dismiss for lack of subject-matter jurisdiction.]

Dated: July 23, 2024

Thomas G. Wallrich and Heather L. Marx, Cozen O'Connor, of Minneapolis, MN, for Plaintiff Acquisition 362, LLC.

Hardeep K. Josan, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States. Also on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-In-Charge. Of counsel on the brief was Sabahat Chaudhary, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of Washington, DC.

Barnett, Chief Judge: In *YC Rubber Co. (N. Am.) LLC v. United States*, Consol.

Ct. No. 19-00069 ("*YC Rubber*"), this court granted several statutory injunctions

enjoining liquidation of entries of certain passenger vehicle and light truck tires relevant

to the parties in that consolidated action. For injunctions sought by exporters, the

injunctions covered all entries during the relevant period by that exporter. For

injunctions sought by importers, the injunctions covered entries by that importer from

specified exporters during the relevant period.  The injunctions were directed at the

United States, including employees of U.S. Customs and Border Protection ("Customs")

and the U.S. Department of Commerce ("Commerce").  Consistent with its practice,

Commerce instructed Customs to continue to suspend liquidation of entries covered by

the injunctions.  Acquisition 362, LLC ("Plaintiff" or "Acquisition 362"), a company that is

not a party to *YC Rubber* and not named in any of those injunctions or corresponding

instructions, now challenges liquidation of its entries.  For the reasons explained below,

the court will dismiss the case for lack of subject-matter jurisdiction.

BACKGROUND

Acquisition 362 is a U.S. importer of certain passenger vehicle and light truck

tires ("Certain Tires").  Compl. ¶ 8, ECF No. 2.  In particular, between August 7, 2016,

and November 22, 2016, Acquisition 362 entered Certain Tires from Shandong Hengyu

Science & Technology Co., Ltd. ("Hengyu") and Shandong Wanda Boto Tyre Co., Ltd.

("Wanda Boto"), both of which are located in the People's Republic of China ("China").

*See* Compl. ¶ 8–12.

On October 16, 2017, Commerce initiated the second administrative review of

the antidumping duty order on Certain Tires from China for the period of review ("POR")

August 1, 2016, through July 31, 2017.  *See Initiation of Antidumping and

Countervailing Duty Admin. Revs.*, 82 Fed. Reg. 48,051, 48,055 (Dep't Commerce Oct.

16, 2017).  On April 26, 2019, Commerce published the final results of that review and,

among other determinations, assigned a so-called separate rate of 64.57 percent to

entries exported from Hengyu and Wanda Boto.  *See Certain Passenger Vehicle and*

*Light Truck Tires From the People's Republic of China*, 84 Fed. Reg. 17,781, 17,782 (Dep't Commerce Apr. 26, 2019) (final results of antidumping duty admin. rev. and final determination of no shipments; 2016–2017) ("*Final Results*").  On May 14, 2019, Commerce issued instructions to Customs to assess antidumping duties in accordance with the *Final Results*, including on entries exported from Hengyu and Wanda Boto. Compl. ¶ 23; Def.'s Mot. to Dismiss, Ex. A, ECF No. 17-1.

In May 2019, various parties challenged Commerce's *Final Results* and those challenges were consolidated under *YC Rubber*.  Namely, importers YC Rubber Co. (N. Am.) LLC ("YC Rubber"), Sutong Tire Resources, Inc. ("Sutong"), and ITG Voma Corporation ("ITG Voma") challenged the determination, as did exporters Mayrun Tyre (Hong Kong) Limited ("Mayrun") and Kenda Rubber (China) Co., Ltd. ("Kenda").  Each party challenged the *Final Results* as they applied to their entries during the POR.  As noted above, pursuant to requests by the parties and the court's authority under 19 U.S.C. § 1516a(c)(2) (2018),[1] the court enjoined the liquidation of entries of merchandise exported or imported by the parties to the litigation.  Specifically, for plaintiffs that were exporters, the injunctions covered all entries of Certain Tires during the POR by that exporter.  For plaintiffs that were importers, the injunctions covered entries of Certain Tires by that importer during the POR from specified exporters.  Of greatest relevance here, Sutong obtained an injunction against liquidation for its entries exported from Hengyu, Wanda Boto, and Shandong Linglong Tyre Co., Ltd.  Order for

---

[1] Further citations to the U.S. Code are to the 2018 edition, unless otherwise specified.

Statutory Inj. Upon Consent, *YC Rubber* (CIT May 24, 2019), ECF No. 12.  Separately,

ITG Voma obtained an injunction against liquidation for its entries exported from Wanda

Boto.[2]  Order for Statutory Inj. Upon Consent, *ITG Voma Corp. v. United States*, Ct. No.

19-00078 (CIT June 5, 2019), ECF No. 14.  Neither Hengyu nor Wanda Boto are parties

to *YC Rubber*, and no injunction issued with respect to all entries from either company.

Similarly, no injunction named Acquisition 362 as an importer.[3]

On May 28, 2019, Commerce issued instructions to Customs in connection with

the court's injunctions.  Consistent with the terms of the injunctions, those instructions

indicated that the liquidation of entries by Sutong from Hengyu and Wanda Boto must

remain suspended.  Compl. ¶ 25; Def.'s Mot. to Dismiss, Ex. B at ECF pp. 4, 8, ECF No.

17-2.  Commerce sent additional instructions based on other injunctions in the litigation

(including the injunction covering entries by ITG Voma from Wanda Boto); however,

none identified Acquisition 362's entries from Hengyu and Wanda Boto.

---

[2] The injunction enjoining liquidation of entries of subject merchandise by Sutong from Hengyu and Wanda Boto is the purported basis for this present suit.  *See* Compl. ¶¶ 24–25.  Although Acquisition 362 focuses on entries exported from Wanda Boto, Plaintiff did not address the statutory injunction regarding entries by ITG Voma exported from Wanda Boto in its complaint, *see id.* ¶ 24, and neither party addresses this injunction in their respective briefs on the motion to dismiss.  The ITG Voma injunction does not, however, alter the court's analysis below.

[3] The three additional injunctions are not relevant to this suit because they do not name the importer (Acquisition 362) or the relevant exporters (Wanda Boto and Hengyu).  *See* Order for Statutory Inj. Upon Consent, *YC Rubber* (CIT May 24, 2019), ECF No. 11 (enjoining liquidation of entries of subject merchandise by YC Rubber exported from Winrun Tyre Co., Ltd.); Order for Statutory Inj. Upon Consent, *Mayrun Tyre (H.K.) Ltd. v. United States*, Ct. No. 19-00077 (CIT June 4, 2019), ECF No. 13 (enjoining liquidation of entries of subject merchandise exported by Mayrun); Order for Statutory Inj. Upon Consent, *YC Rubber* (CIT July 2, 2019), ECF No. 26 (enjoining liquidation of entries of subject merchandise exported by Kenda).

Court No. 24-00011                                                                                    Page 5

Customs subsequently liquidated Acquisition 362's entries of Certain Tires that were exported from Hengyu and Wanda Boto during the POR.  Compl. ¶ 29. Acquisition 362 protested those liquidations, and Customs denied the protests, explaining that the entries were "correctly liquidated per" Commerce's instructions.  *See, e.g.*, Protest Denial at ECF p. 2, ECF No. 16-1.

After Customs denied Plaintiff's protests, Acquisition 362 commenced this action seeking to invoke the court's jurisdiction pursuant to 28 U.S.C. § 1581(a).  Compl. ¶¶ 1– 2.  Defendant United States ("the Government") moved to dismiss.  Def.'s Mot. to Dismiss and accompanying Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF No. 17.  The Government first argues that the court lacks subject-matter jurisdiction as to six protests: two because Acquisition 362 commenced this action after the 180-day statute of limitations, *see* 28 U.S.C. § 2636(a), and four because Acquisition 362 was not the protestant, *see* 28 U.S.C. § 2631(a).  Def.'s Mem. at 6–9. As to the remaining protests, the Government argues that Plaintiff failed to state a claim for which relief could be granted because Customs properly liquidated the entries according to Commerce's instructions.  *Id.* at 9–12.  In making this second argument, the Government notes that "Customs has merely a ministerial role in liquidating antidumping duties."  *Id.* at 9 (quoting *Mitsubishi Elecs. Am. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994)).

Upon review of the motion to dismiss, the court instructed Plaintiff (in its response) and the Government (in its reply) to address whether Customs had acted

ministerially in liquidating Plaintiff's entries and, if so, what effect such action might have on the court's jurisdiction.  Order (May 7, 2024), ECF No. 18.

In its response, Acquisition 362 argues that the case should not be dismissed in its entirety.  Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss, ECF No. 19.  First, Plaintiff concedes that the court lacks jurisdiction over the six protests identified as untimely or filed by protestants other than Plaintiff and that those claims should be dismissed.  *Id.* at 2.[4]  Next, as to the remaining protests, Plaintiff argues that Customs' actions were not ministerial because Customs exercised its discretionary authority when it declined to apply the statutory injunction to Acquisition 362's entries and that the exercise of that discretion is sufficient to state a claim for relief.  *Id.* at 7–10.

In reply, the Government argues that the court lacks jurisdiction over the remaining protests because Customs "simply follow[ed] Commerce's instructions."  Def.'s Reply Mem. in Further Supp. of its Mot. to Dismiss at 2–5, ECF No. 21.

_____

[4] As for the timeliness issue, the U.S. Court of Appeals for the Federal Circuit has characterized 28 U.S.C. § 2636(a) as "a jurisdictional requirement."  *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1317 (Fed. Cir. 2006).  However, the question whether 28 U.S.C. § 2636(a) is jurisdictional was not squarely before the appellate court and may be called into question by the more recent determination that 28 U.S.C. § 2636(i) is not jurisdictional.  *See Ford Motor Co. v. United States*, 811 F.3d 1371, 1377 (Fed Cir. 2016); *Wilkins v. United States*, 598 U.S. 152, 158–59 (2023) (noting that most time bars and filing deadlines are not jurisdictional).  For the purpose of this case, Acquisition 362 conceded that the court lacks subject-matter jurisdiction over the untimely challenges and waived any other jurisdictional arguments.  Regarding the protests not filed by Acquisition 362, a party who did not file the protest lacks standing to challenge the denial of the protest.  *See Ovan Int'l, Ltd. v. United States*, 39 CIT __, __, 49 F. Supp. 1327, 1330–31 (2015); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (standing requirements); *Florsheim Shoe Co., Div. of Interco v. United States*, 744 F.2d 787, 789 (Fed. Cir. 1984) ("[Section 2631(a)] confers standing on a person who files a protest.").

Court No. 24-00011                                                                        Page 7

JURISDICTION

A court must have subject-matter jurisdiction over the claims presented to adjudicate a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Jurisdiction is "a threshold matter," to be decided before any merits decision. *Id.* Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Pursuant to 28 U.S.C. § 1581(a), this court has exclusive jurisdiction over "any civil action commenced to contest the denial of a protest." Only certain decisions of Customs, however, are protestable. 19 U.S.C. § 1514(a)(1)–(7); *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1051–52 (Fed. Cir. 2024) (describing the "seven circumstances in which a party may file a 'protest against decisions of Customs'" as "limited"). When Customs takes an action that is non-protestable, section 1581(a) jurisdiction is not available. *See Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1373 (Fed. Cir. 2019) (noting that precedent does not support jurisdiction "over any denial of a protest," but only "over the denial of a timely, valid protest"). When Customs acts ministerially in liquidating entries subject to antidumping and countervailing duty orders, those decisions are not protestable and therefore do not give rise to the court's section 1581(a) jurisdiction. *Rimco*, 98 F.4th at 1052–53. A ministerial decision is one that does not require Customs to engage in any decision-making. *Id.* at 1052.

Court No. 24-00011                                                                                          Page 8

## DISCUSSION

Here, Customs did not make a protestable decision when it followed Commerce's May 14, 2019, liquidation instructions.  As described above, those liquidation instructions were superseded, in part, by Commerce's May 28, 2019, instructions that communicated this court's injunction against liquidation.  Both the injunction and Commerce's superseding instructions, to the extent that they applied to entries exported from Hengyu and Wanda Boto, were limited to entries imported by Sutong (and, pursuant to another injunction and instructions, to entries imported by ITG Voma only as to Wanda Boto merchandise).

Acquisition 362 asserts that Customs took non-ministerial and, thus, protestable action when it declined to extend the statutory injunction and Commerce's May 28, 2019, instructions to Acquisition 362's entries.  However, Acquisition 362 offers no legal support for the proposition that Customs was empowered to expand the court-issued statutory injunction or Commerce's instructions beyond their respective terms.  The statute provides that it is the court, not Customs, that may enjoin liquidation "upon request by an interested party."  19 U.S.C. § 1516a(c)(2).  Acquisition 362 never requested such relief from this court: it did not join the *YC Rubber* litigation, it did not seek an injunction from this court, and it was not included in or covered by any other party's injunction.

In fact, once Commerce issued the *Final Results*, the publication thereof constituted notice to Customs that the suspension of liquidation in effect during the administrative review had been lifted.  *See Am. Power Pull Corp. v. United States*, 39

Court No. 24-00011                                                                         Page 9

CIT __, __,121 F. Supp. 3d 1296, 1301 (2015) (citing *Int'l Trading Co. v. United States,* 281 F.3d 1268, 1275 (Fed. Cir. 2002)).  Absent some further legal action to suspend, again, the liquidation of those entries, Customs' failure to liquidate the entries within six months after receiving notice of the lifting of suspension would result in the entries being deemed liquidated by operation of law at the cash-deposit rate in effect at the time of entry.  *See* 19 U.S.C. § 1504(d).  Thus, contrary to Acquisition 362's assertion, it was not within Customs' discretion to extend the court's injunction to Acquisition 362's entries, and any gratuitous withholding of liquidation of those entries by Customs could have caused Customs to lose the ability to liquidate those entries at the correct assessment rate.

### CONCLUSION AND ORDER

For the foregoing reasons, the court **GRANTS** Defendant's motion to dismiss for lack of jurisdiction.  Judgment will enter accordingly.


                                                          /s/     Mark A. Barnett____
                                                          Mark A. Barnett, Chief Judge

Dated: July 23, 2024_____
          New York, New York